8 F.3d 71
 303 U.S.App.D.C. 418
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Jerry Earl DARRING, Appellant.
 No. 92-3141.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 5, 1993.
 
 Before: BUCKLEY, GINSBURG and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was heard on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments by counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons set out in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment of the District Court be affirmed.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b).
 
 MEMORANDUM
 
 4
 Appellant Jerry Earl Darring was indicted for possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Darring challenges the district court's denial of his motion to suppress evidence. As set out below, we reject Darring's arguments and affirm his conviction.
 
 
 5
 On October 30, 1991, at approximately 3:40 a.m., two police officers on patrol in an unmarked car observed Darring driving at an excessive rate of speed. The officers sped up and followed Darring at a distance. As the officers followed Darring, they observed him travel at speeds in excess of the speed limit, fail to stop for a stop sign and fail to stop for three stoplights. Based on these observations, the officers radioed for assistance from a marked police vehicle. Darring stopped his vehicle when the marked police car engaged its emergency lights and blocked his path.
 
 
 6
 The officers placed Darring under arrest for reckless driving and advised him of his Miranda rights. During a search incident to arrest, the officers found in the passenger compartment of Darring's car a plastic bag containing over $900 in cash, 140 grams of crack cocaine and a triple beam scale of the sort generally used in the distribution of drugs.
 
 
 7
 Darring was indicted and charged with possessing with intent to distribute fifty grams or more of cocaine base. Following a hearing, the district court denied Darring's motion to suppress the evidence found in his car. A jury found Darring guilty as charged and the district court sentenced him to 120 months in prison with credit for time served.
 
 
 8
 Darring argues that the district court should have suppressed the evidence found in his car as fruit of an illegal arrest because the officers did not have probable cause to arrest him for reckless driving. First, Darring argues that the officers did not have probable cause to arrest him for reckless driving because the traffic violations that he committed constituted a reasonable response to being followed in the middle of the night by an unknown car. The critical factor in determining whether the police have probable cause to arrest, however, is the reasonableness of their determination that a crime is being committed, not the reasonableness of the arrestee's criminal conduct. See generally Brinegar v. United States, 338 U.S. 160, 175-76 (1949) (probable causes exists if facts and circumstances are sufficient to warrant a reasonable officer's belief that a crime is being committed). As this court has held, probable cause "exists if the totality of the circumstances, as viewed by a reasonable and prudent police officer, in light of his training and experience, would lead that police officer to believe that a criminal offense has been or is being committed." United States v. Green, 670 F.2d 1148, 1152 (D.C.Cir.1981).
 
 
 9
 From the perspective of a reasonable police officer, probable cause existed to arrest Darring for reckless driving. The officers observed Darring flagrantly violate several traffic laws; their observations established probable cause to believe that he was committing the offense of reckless driving. Darring's purported reason for his conduct does not alter the probable cause determination. Police officers must be able to determine whether to arrest a suspect based on the suspect's objective conduct, not his subjective thoughts. A rule requiring them to consider a suspect's state of mind and then eliminate all exculpatory reasons for his conduct before effecting an arrest would unnecessarily endanger the public as well as the officers.
 
 
 10
 Darring next argues that the district court should have granted his motion to suppress because the officers based their probable cause determination on conduct they themselves provoked. We reject this argument as well. The only authority Darring cites in support involves deliberate police provocation. See, e.g., Lane v. Collins, 138 N.W.2d 264 (Wisc.1965) (whether police officer deliberately provoked plaintiff to breach the peace, thereby rendering his arrest unlawful, was jury issue). Whatever the state of the law that police officers cannot deliberately provoke individuals into acting illegally and then use those actions as the basis for arrest, there is no evidence in the record that the officers so acted in arresting Darring. Darring's conduct--whether a response to legitimate police conduct or not--provided probable cause to justify his arrest.
 
 
 11
 Finally, Darring argues that the district court should have granted his motion to suppress because the officers violated police department regulations by "chasing" him in an unmarked police car. Regardless of the scope of the regulations, a police officer's violation of them does not in and of itself nullify the officer's otherwise valid probable cause determination.